UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ALEXANDER COOK,

    Plaintiffs,

v.

JACKSON AND PARTNERS, LLC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ALEX COOK, (herein referred to as "Plaintiffs" and/or "COOK"), by and through his undersigned counsel, hereby files this Complaint against Defendant, JACKSON AND PARTNERS, LLC (hereinafter referred to as "JAP", "Defendant"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendant for violations under Florida common law including unpaid wages, unjust enrichment, and quantum meruit.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 and §1367.

3. Jurisdiction is proper pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in the Southern District of Florida because COOK was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiffs' claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

5. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

6. Plaintiff COOK is a citizen of the State of Florida in that he is domiciled in Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendants as the Chief Commercial Officer.

7. Defendant JAP is a corporation organized and existing under and by virtue of the laws of Delaware. with its principal place of business in Chicago, Illinois. JAP has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Specifically, JAP is a food distribution company and its employees, including Plaintiff, regularly handled goods which were transported across state lines.

**GENERAL ALLEGATIONS**

9. Plaintiff COOK worked for Defendant from April 2020 until August 2022 as Chief Commercial Officer. Plaintiff was ultimately paid a yearly salary ranging from $175,000.00 to $250,000.00.

10. Plaintiff COOK is an owner and employee of JAP[1]

11. Plaintiff began working for Defendant in early April 2020. Until approximately early 2021, Plaintiff received little to no compensation from the company. Plaintiff then began receiving an annualized salary of $175,000.00, which amount was then increased to $250,000.00 in approximately late 2021 or the beginning of 2022.

---

[1] At the present time, JAP is undertaking the steps required pursuant to the Partnership Agreement to expel Cook from the company. That process is separate and apart from this proceeding.

12. The company's books reflect an entry for the payment of $250,000.00 on an annualized basis for Plaintiff in 2020, but those funds were never paid. Plaintiff may have received some small remuneration from JAP in the latter part of 2020, but no W-2 was issued, and Plaintiff's tax return reflects an income for the 2020 tax year under $20,000.00.

13. In June 2022, JAP suspended Plaintiff without pay for a non-business-related incident, and then terminated him in August 2022. Plaintiff should have been compensated for that time frame at his then present salary of $250,000.00 per year.

14. Plaintiff provided the services and invoices as required.

15. Defendant failed to compensate Plaintiffs as required.

16. Plaintiff requested compensation on several occasions from Defendant.

17. Defendant refused Plaintiff's request to be properly compensated.

18. Due to Defendant's improper payroll practices, and failure to properly pay Plaintiff for all the hours he worked, together with Plaintiff's requests to be properly compensated, Plaintiff has suffered damages.

19. On September 30, 2022, COOK sent a demand letter to Defendant for his unpaid wages, pursuant to Fla. Stat. §448.110(6)(a). Defendant has, as of the date of this filing, failed to remit payment for COOK's unpaid wages. A copy of the Demand Letter is attached hereto and incorporated herein as Exhibit A.

20. Plaintiff has retained the undersigned firm to prosecute this action on their behalf and has agreed to pay it a reasonable fee for its services.

21. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this Action.

## COUNT I – UNPAID WAGES

22. Plaintiff re-alleges and re-avers paragraphs 1–22, as fully set forth herein.

23. Plaintiff and Defendant entered into an oral agreement whereby Plaintiff performed services as Chief Commercial Officer in exchange for payment from Defendant.

24. According to the agreement, Defendant was to pay the Plaintiff $250,000 per year.

25. COOK performed services for Defendant for approximately two- and one-half years.

26. Defendant has completely failed to pay Plaintiff COOK for most or all of 2020, and for the months of June, July, and August 2022 any compensation for the work performed on Defendant's behalf.

27. Plaintiff COOK is owed approximately $312,500.00.

28. Further, Plaintiff COOK is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff COOK requests judgment against Defendant as follows:

    a) Unpaid wages of approximately $312,500.00;

    b) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

    c) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

    d) Such other relief as the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

29. Plaintiff re-alleges and re-avers paragraphs 1–22, as fully set forth herein.

30. From April 2020 until August 2022, Plaintiff performed services for the benefit of Defendant JAP.

31. JAP benefited from Plaintiff's services and was aware that Plaintiff expected to be paid for those services.

32. JAP failed to compensate Plaintiff for his services from for the year 2020 and the months of June, July, and August 2022.

33. JAP was therefore unjustly enriched by received said services Plaintiff provided.

**WHEREFORE**, Plaintiff COOK requests judgment against Defendant as follows:

 a) Compensatory damages according to proof at trial;

 b) Consequential damages;

 c) Attorney's fees and costs associated with this action; and

 d) Such other relief as the Court deems just and proper.

## COUNT III – QUANTUM MERUIT

34. Plaintiff re-alleges and re-avers paragraphs 1–22, as fully set forth herein.

35. From April 2020 until August 2022, Plaintiff performed services for the benefit of Defendant JAP.

36. JAP acquiesced in the provision of Plaintiff's services and was aware that Plaintiff expected to be paid for those services.

37. JAP failed to compensate Plaintiff for his services from for the year 2020 and the months of June, July, and August 2022.

38. JAP was therefore unjustly enriched by received said services Plaintiffs provided.

**WHEREFORE**, Plaintiff COOK requests judgment against Defendant as follows:

 e) Compensatory damages according to proof at trial;

      f)      Consequential damages;

      g)      Attorney's fees and costs associated with this action; and

      h)      Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: October 19, 2022.

          **LAW OFFICES OF CHARLES EISS, P.L.**
          Attorneys for Plaintiff
          7951 SW 6th Street, Suite 112
          Plantation, Florida 33324
          (954) 914-7890 (Office)
          (855) 423-5298 (Facsimile)

By:    /s/ Charles Eiss
        CHARLES M. EISS, Esq. (FBN: 612073)
        chuck@icelawfirm.com
        SHANNA WALL, Esq. (FBN: 0051672)
        shanna@icelawfirm.com
        JORGE M. GONZALEZ, Esq. (FBN: 1038146)
        jorge@icelawfirm.com